UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:11-CR-501 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 64, 65] |
| ISIAH TAYLOR, III, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 2, 2012, Defendant Isiah Taylor, III moved this Court for a judgment of acquittal, a new trial, or dismissal of the superseding indictment and subsequent verdict and judgment.[1/] On February 17, 2012, a jury convicted Defendant for crimes based on his involvement in over 20 robberies. Defendant says that these convictions should be overturned because: (1) he did not receive crucial information about Overt Act 38 in a timely fashion; (2) witnesses made false statements to the grand jury; and (3) the government never disclosed the witnesses' alleged dishonesty to the grand jury. The government opposes Defendant's motion.[2/]

For the reasons presented below, the Court **DENIES** Defendant Taylor's motion.

## I. Background

On October 27, 2011, a grand jury returned a secret indictment charging Defendant Taylor with one count of conspiracy to commit Hobbs Act robbery, three counts of Hobbs Act robbery, and

---

[1/] Doc. 64.

[2/] Doc. 65.

-1-

Case No. 4:11-CR-501
Gwin, J.

one count of using a firearm in the commission of a crime of violence.[3/] On December 20, 2011, a superseding indictment was returned against Defendant Taylor.[4/]

Overt Act 38 of the Superseding Indictment involved a robbery of Mama Rosa's Pizza in Akron allegedly committed by Defendant Taylor and co-conspirator Sean Queener. During the pre-trial hearing on February 8, 2012, however, the government stated on the record that it did not intend to present evidence at trial regarding Overt Act 38.[5/]

The trial began on February 13, 2012.[6/] At trial, the government presented evidence showing Defendant's participation in over 20 robberies. Five co-conspirators – Shane Tisdale, Sean Queener, Charles Queener, Desean Hayden, and Jawaylin Hudson – testified for the government.[7/] They testified about Defendant Taylor's involvement in planning and orchestrating the robberies at issue in the case and provided various details about how Defendant Taylor committed the crimes. In general, the United States said Defendant Taylor would plan, supervise, and assist others carry out robberies.

During the government's case-in-chief, Gordon Hartranft, a bystander to a robbery, also testified.[8/] He identified Defendant Taylor from line-up photos as the perpetrator.[9/] Additionally, the government entered into evidence cell records that showed Defendant Taylor was near several

---

[3/] Doc. 1.

[4/] Doc. 23.

[5/] Doc. 93 at 5.

[6/] Doc. 88.

[7/] *Id.* at 96-211 (Tisdale); Docs. 89 at 150-255 (Sean Queeener); 90 at 2-33 (Sean Queener), 135-77 (Charles Queener), 202-17 (Hayden), 229-46 (Hudson).

[8/] Doc. 91 at 127-135.

[9/] *Id.*

Case No. 4:11-CR-501
Gwin, J.

of the robberies at the time of the robberies, even though those locations were far from Taylor's residence.[10]

During trial, the defense, but not the prosecutor, presented evidence about Overt Act 38. Specifically, the defense cross-examined co-conspirator Sean Queener and showed that Queener was in jail at the time Overt Act 38 was committed.[11] On cross examination, the defense elicited that even though Queener was in jail, the indictment's Overt Act 38 stated that Taylor and another co-conspirator robbed Mama Rosa's Pizza in Akron on that date.[12] During closing argument, defense counsel also made arguments regarding Overt Act 38, emphasizing that the government avoided discussion of Overt Act 38 at trial and suggesting that the government's charging of Defendant Taylor had been shoddy.

Nevertheless, the jury returned a verdict of guilty as to all counts on February 17, 2012.[10]

On March 2, 2012, Defendant filed his Motion for New Trial Motion for Judgment of Acquittal Motion to Dismiss Superseding Indictment and Subsequent Verdict and Judgment.[11] The government opposed.[12]

## II. Legal Standard

Defendant Taylor moves for judgment of acquittal. A court may grant such a motion under Federal Rule of Criminal Procedure 29 only where "the evidence is insufficient to sustain a

---

[10] *Id.* at 24-50.

[11] Doc. 90 at 43-44.

[12] *Id.*

[10] Doc. 59.

[11] Doc. 64.

[12] Doc. 65.

-3-

Case No. 4:11-CR-501
Gwin, J.

conviction" of one or more of the offenses charged in the indictment.[13] Therefore, the same standard is used by the court in evaluating motions for a judgment of acquittal and insufficiency of the evidence claims.[14] Specifically, a court must review the record in the light most favorable to the prosecution and grant relief only if it finds that no rational trier of fact could have found proof of guilt beyond a reasonable doubt.[15]

In the alternative to his motion for a judgment of acquittal, Defendant Taylor moves the Court for a new trial under Federal Rule of Criminal Procedure 33. Rule 33 states that the Court may "grant a new trial if the interest of justice so requires."[16] The Sixth Circuit gives the trial court broad discretion when determining whether to grant such a motion.[17]

Defendant Taylor offers three primary arguments in support of his motion: (1) that he did not receive crucial information about Overt Act 38 in a timely fashion; (2) that witnesses made false statements to the grand jury; and (3) that the government never tried to disclose the witnesses' lies to the grand jury. For the reasons below, the Court rejects each of these arguments.

### III. Analysis

**A.     Information about Overt Act 38**

Defendant seems to say that the government delayed producing the names of its trial witnesses, thereby preventing Defendant from learning the location of an alleged co-defendant, Sean

---

[13] Fed. R. Crim. P. 29(a).

[14] *See United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994).

[15] *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[16] Fed. R. Crim. P. 33(a).

[17] *See, e .g., United States v. Barlow,* 693 F.2d 954, 966 (6th Cir.1982).

Case No. 4:11-CR-501
Gwin, J.

Queener, during the commission of Overt Act 38.[18] Defendant seems to say his own indictment and trial were unjust because Queener had been charged with the commission of Overt Act 38 which was committed while Queener was incarcerated.

The Court disagrees. Defendant Taylor cannot show prejudice. Here, Taylor was not on trial for the robbery of Mama Rosa's Pizza in Akron. Rather, Overt Act 38 was only used in the indictment as one of 57 Overt Acts in furtherance of the alleged conspiracy.[19]

The error in including the incorrect Overt Act 38 is simply not relevant. In its case against Defendant Taylor, the government presented evidence of Taylor's involvement in over 20 separate robberies through victims and co-conspirators. And, the jury convicted Taylor on this basis. Even if any given overt act did not occur, there is not a reasonable probability that the jury would have come out differently.

And, the government had other strong evidence against Taylor. Recall this evidence included testimony of four co-conspirators other than Sean Queener who described Taylor's role. Recall the evidence included a positive bystander identification of Taylor and cell records showing that Taylor was near the scene of several robberies even though the locations of those robberies were far from Taylor's residence. Thus, assuming that evidence to be true and viewing it in the light most favorable to the government,[20] even without Overt Act 38, there is not "a reasonable probability that . . . the result of" Taylor's trial "would have been different."[21]

Most importantly, the government did not introduce any evidence about Overt Act 38 at

---

[18] Doc. 64 at 1-2.

[19] Doc. 23.

[20] See United States v. Abdullah, 162 F.3d 897, 902-03 (6th Cir.1998).

[21] Carter v. Bell, 218 F.3d 581, 601 (6th Cir. 2000).

Case No. 4:11-CR-501
Gwin, J.

Defendant Taylor's trial – this was not one of the over 20 robberies that the jury considered. Therefore the jury simply could not have based its finding of Taylor's guilt on anything related to Overt Act 38.

Additionally, even if the government had introduced information about Overt Act 38 at trial, Taylor's claim would still fail. He cannot show that the interest of justice required a new trial in this case. Generally, in criminal cases, only limited discovery is available.[22] Though the Fifth Amendment requires disclosure of potential exculpatory evidence, the government violates *Giglio* and *Brady* only where the withheld material is "material"—that is, where "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[23] To be sure, this standard requires only that "the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'"[24]

In this case, prior to trial Taylor knew about the mistake suggesting Queener's involvement in Overt Act 38. Recall that Taylor's counsel cross-examined Sean Queener during the trial regarding Overt Act 38 and elicited testimony from Queener that he had been in jail at the time of Overt Act 38 and therefore could not have committed the act with Defendant Taylor. Recall that defense counsel presented arguments regarding Overt Act 38 to the jury in closing argument. Therefore, no failure to disclose existed in this case; prior to trial, defense counsel knew of the information regarding Overt Act 38 and actually used that information at trial.

---

[22] *See* Fed. R. Crim. P. 16(a).

[23] *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir.2000) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

[24] *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (quoting *Bagley,* 473 U.S. at 678).

-6-

Case No. 4:11-CR-501
Gwin, J.

### B. False Testimony to Grand Jury

Defendant Taylor says that the Court should grant him a judgment of acquittal or a new trial because various cooperating witnesses, including Queener, Tisdale, and Hayden, lied to the grand jury about Taylor's roles in various robberies.[25]

This argument loses. The petit jury's verdict cured any defects that may have existed in the grand jury proceedings related to Defendant Taylor's indictment.[26]

### C. Government's Failure to Disclose False Testimony to Grand Jury

Defendant Taylor complains that the government never reconvened the grand jury to disclose the witnesses' lies.

This is also irrelevant. Once again, the petit jury's finding of guilt negated any defects that may have existed in the grand jury proceedings.[27]

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendant Taylor's motion..

IT IS SO ORDERED.

Dated: February 27, 2014     s/     *James S. Gwin*

     JAMES S. GWIN
     UNITED STATES DISTRICT JUDGE

---

[25] Doc. 64 at 2-4.

[26] *See United States v. Mechanik*, 475 U.S. 66, 67-70 (1986) ("[T]he petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted. Therefore, the convictions must stand . . . . Measured by the petit jury's verdict, then, any error in the grand jury proceedings connected with the charging decision was harmless beyond a reasonable doubt.")

[27] *Id.*