UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 4:11-CR-501 |
| Plaintiff, : |  |
| vs. : | ORDER & OPINION |
| : | [Resolving Doc. Nos. 107, 109, & 110] |
| ISIAH TAYLOR, III, : |  |
| Defendant. : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Isiah Taylor, III moves this Court Under 28 U.S.C. § 2255 to vacate, set aside, or correct the verdict and judgment against him based on his involvement in over 20 robberies. On Taylor says that the sentence this Court imposed should be overturned because his right to a jury trial was violated when the Court calculated his sentence using factors not submitted to the jury; the Court denied him a reasonable expectation of privacy by admitting evidence obtained from a cell phone search incident-to-arrest; the Government denied him due process of law by failing to disclose witnesses' alleged dishonesty to the grand jury; and his trial counsel acted ineffectively.[1/] The government opposes Defendant Taylor's motion.[2/]

For the reasons presented below, the Court **DENIES** Defendant Taylor's motion.

### I. Factual and Procedural Background

On October 27, 2011, a grand jury returned an indictment charging Defendant Taylor with one count of conspiracy to commit a Hobbs Act robbery, three counts of Hobbs Act robbery, and one

---

[1/] Docs. 107; 110.
[2/] Doc. 109.

-1-

Case No. 4:11-cr-501
Gwin, J.

count of using a firearm in the commission of a crime of violence.[3/] On December 20, 2011, a superseding indictment was returned against Defendant Taylor.[4/]

The trial began on February 13, 2012.[5/] The jury returned a verdict of guilty as to all counts on February 17, 2012.[6/]

On April 10, 2012, this Court sentenced Taylor to 210 months in prison, a $500 special assessment, and $40,135 in restitution.[7/]

On March 2, 2012, Taylor filed a motion under Federal Criminal Rule 29 for judgment of acquittal and a new trial.[8/]

Then, Taylor timely appealed.[9/] On May 16, 2013, the Sixth Circuit affirmed Taylor's conviction and sentence.[10/] The United States Supreme Court denied certiorari.[11/]

On February 27, 2014, this Court denied Taylor's motion for judgment of acquittal and a new trial.[12/]

On March 3, 2014, Taylor filed his Amended Section 2255 Motion.[13/] With this motion, the Taylor raises the following grounds for relief:

> GROUND ONE: The defendant's 6th Amendment Rights were violated [when the trial court] FAILED to present "additional" ELEMENTS of the crime to a JURY, to

---

[3/] Doc. 1.
[4/] Doc. 23.
[5/] Doc. 88.
[6/] Doc. 59.
[7/] Doc. 70.
[8/] Doc. 64.
[9/] Doc. 71.
[10/] Doc. 95.
[11/] Doc. 98.
[12/] Doc. 106.
[13/] Doc. 107.

Case No. 4:11-cr-501
Gwin, J.

> be proven beyond a reasonable doubt standard.
> . . .
> GROUND TWO: The defendant's 4th amendment rights were violated when [the trial court] allowed the government to introduce evidence from a warrantless search of the contents of another persons [sic] cell phone account who was not the defendant.
> . . .
> GROUND THREE: The defendants [sic] 14th Amendment Rights to Due Process were violated by the government. When the government FAILED to request for a reconvening of the Grand jury, to properly disclose to them, that the government witnesses has provided false testimony to them.
> . . .
> GROUND FOUR: The Defendant [sic] Sixth Amendment Rights were violated, when he received "Ineffective Assistance of Counsel" by Public Defender, Joseph Gardner.[14]

The government has opposed.[15] Taylor's motion is now ripe.

## II. Legal Standard

Title 28 United States Code Section 2255 gives federal prisoners a post-conviction means to challenge a conviction or sentence that violated federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[16]

To prevail on a Section 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the

---

[14] Doc. 107 at 4-8.
[15] Doc. 109.
[16] *Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255) (quotation marks omitted).

Case No. 4:11-cr-501
Gwin, J.

proceedings."[17] And to prevail on a Section 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[18]

### III.  Analysis

**A.     Ground One: Improper Sentence**

Taylor first says that the Court "and not the jury added additional facts, elements, and information factors to the defendant/petitioners [sic] instant sentence [] for the purpose of enhancing or increasing his sentence over and beyond the applicable guideline range. . . ." Although Taylor does not specify what particular facts this Court may have improperly applied during sentencing, presumably Taylor complains of the Court's finding that Taylor committed "significantly more than five of [the] underlying overt acts" associated with his Hobbs Act robbery conviction.[19]

Taylor seeks relief based on the recent United States Supreme Court decision announced in *Alleyne v. United States*.[20] In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."[21] *Alleyne* expanded the holding in *Apprendi v. New Jersey*, which required a jury verdict only on facts that would increase a penalty beyond the statutory maximum.[22]

---

[17] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[18] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).

[19] Doc. 87 at 7.

[20] 133 S.Ct. 2151 (2013) (overruling *Harris v. United States*, 536 U.S. 545 (2002)).

[21] *Id.* at 2155 (quotations in original).

[22] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

-4-

Case No. 4:11-cr-501
Gwin, J.

But *Alleyne* is inapplicable to the instant case. The Court sentenced Taylor on April 10, 2012, fourteen months before the *Alleyne* decision. In *Alleyne*, the Supreme Court announced an expansion of criminal procedure, not a "watershed rule" that would invoke a retroactive application.[23/] Indeed, the district courts in this Circuit that have addressed Alleyne's retroactive application have similarly declined to extend *Alleyne* in matters of collateral attack.[24/]

Although the Sixth Circuit has not yet ruled on the retroactive application of *Alleyne* to collateral motions, it has held that *Apprendi* did not apply retroactively to § 2255 motions.[25/] And, two United States Circuit Courts that have addressed the question also rejected *Alleyne's* retroactivity in collateral attacks.[26/]

Thus, Taylor's claim of improper sentencing fails.

**B.      Ground Two: Search of a Cell Phone Incident-to-Arrest**

Taylor separately argues that this Court improperly admitted evidence obtained from an illegal search of a cell phone. Taylor's pleadings do not say what evidence the government allegedly obtained and admitted without the benefit of a valid search warrant.

Nevertheless, this is irrelevant. Taylor's claim loses because he concedes that the cell phone

---

[23/] *See* Teague v. Lane, 489 U.S. 288, 307 (1989) (finding an intervening change in law retroactive only when it relieves "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or for new "watershed rules of criminal procedure" (internal citations omitted)).

[24/] *See, e.g.,* William v. Sepanek, 2014 WL 694717, at *3 (E.D. Ky. Feb. 21, 2014) ("This Court has determined that with respect to a motion filed under § 2255 seeking relief from a sentence, *Alleyne* does not apply retroactively."); Mingo v. United States, 2013 WL 4499249, at *2 (W.D. Mich. Aug. 19, 2013) ("The holding in *Alleyne* does not qualify as a new watershed rule." (quotation marks omitted)); United States v. Potter, 2013 WL 3967960, at *3 (E.D. Ky. July 31, 2013) ("The Court concludes that the rule announced in *Alleyne* cannot be applied to [defendant's] § 2255 motion because it does not have retroactive effect.").

[25/] *See* Goode v. United States, 305 F.3d 378, 384-85 (6th Cir. 2002).

[26/] *See* United States v. Reyes, 2014 WL 2747216, at *1 (3d Cir. June 18, 2014) ("[W]hile *Alleyne* set out a new rule of law, it is not retroactively applicable to cases on collateral review . . . ."); United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013) (holding Alleyne was not retroactive because "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive" citing *Tyler v. Cain*, 533 U.S. 656, 663 (2001)).

-5-

Case No. 4:11-cr-501
Gwin, J.

in question belonged to a third party.[27/] The Fourth Amendment protection against unreasonable searches is predicated on whether the person invaded has a reasonable expectation of privacy in the property subject to search.[28/]

> [I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; *i.e.*, one that has "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."[29/]

Because Defendant Taylor cannot vicariously claim a right to privacy in the contents of the cell phone of a third party, officers did not invade Taylor's constitutionally protected privacy interests.

Even if Defendant Taylor actually had a privacy interest in the cell phone, this claim fails. Absent a showing by a petitioner that he was denied an opportunity for full and fair litigation of a Fourth Amendment claim at trial and on direct appeal – which Taylor does not make here – a Fourth Amendment claim is not cognizable on habeas review.[30/]

**C.     Ground Three: Failure to Reconvene the Grand Jury**

Defendant Taylor claims that the Court should grant relief because a cooperating witnesses, Mr. Hayden, lied to the Grand Jury about Taylor's role in various robberies.[31/]

Taylor raised this argument before in his motion for judgment of acquittal and new trial.[32/] The Court denied relief, and does so again: the petit jury's verdict cured any defects that may have

---

[27/] Doc. 110 at 6-7 (stating that the cell phone was "his girlfriend[']s").

[28/] *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ("We have held that 'capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.'") (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)).

[29/] *Id.* at 88 (quoting *Rakas*, 439 U.S. at 143-44, n. 12).

[30/] *Ray v. United States*, 721 F.3d 758, 762 (2013) (citing *Stone v. Powell*, 428 U.S. 874 (1976)).

[31/] Doc. 110 at 8.

[32/] *See* Doc. 106 at 7.

Case No. 4:11-cr-501
Gwin, J.

existed in the grand jury proceedings related to Defendant Taylor's indictment.[33]

### D. Ground Four: Ineffective Assistance of Counsel

Finally, Taylor alleges that his defense attorney, Joseph Gardner, provided ineffective assistance of counsel in: (1) failing to petition the Court for a reconvening of the Grand Jury; (2) failing to petition the Court to dismiss the Belleria Pizza robbery charge; (3) failing to dispute the Belleria Pizza charge using DNA evidence; (4) failing to challenge any evidence seized from the warrantless cell phone search; (5) failing to call favorable witnesses; (6) failing to challenge the admissibility of DNA evidence; and (7) failing to file pre-trial motions.[34] These claims also lose.

In order to establish ineffective assistance of counsel, a movant must satisfy the two-pronged test established in *Strickland v. Washington*.[35] First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[36] Judicial scrutiny of counsel's conduct is highly deferential, and courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[37]

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial.[38] The movant meets the second prong of the test only by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

---

[33] *See id.* (citing *United States v. Mechanik*, 475 U.S. 66, 67-70 (1986)).
[34] Doc. 110 at 11.
[35] 466 U.S. 668 (1984).
[36] *Id.* at 687.
[37] *Id.* at 689.
[38] *Id.* at 687.

Case No. 4:11-cr-501
Gwin, J.

sufficient to undermine confidence in the outcome."[39]

### 1. Failing to petition the Court for a reconvening of the Grand Jury

Taylor says that Defense Attorney Gardner should have petitioned the trial court for a reconvening of the Grand Jury on learning the incitement was based, in part, "from KNOWN false [and] perjured testimony from the governments [sic] key witness."[40]

But recall, this Court has already determined that the petit jury's verdict cured any defects in the grand jury proceedings.[41] Thus, Taylor fails to show sufficient prejudice.

### 2. Failure to petition the Court to dismiss the Belleria Pizza robbery charge

Taylor also says that Defense Attorney Gardner should have moved the trial court to dismiss the Belleria Pizza robbery charge upon finding "the DNA result's [sic] totally exonerated his client . . . ."[42]

This argument does not succeed because the DNA evidence was not sufficient to prove Taylor's actual innocence. Defense Attorney Gardner gave evidence and made arguments regarding the DNA evidence to the jury.[43] Despite this evidence, the jury found Taylor guilty. Here again, Taylor fails to show prejudice.

### 3. Failure to dispute the Belleria Pizza charge using DNA evidence

Taylor similarly says that Defense Attorney Gardner should have informed the judge that the government "knew two years prior to the commencement of [the trial], that from his DNA testing,

---

[39] *Id.* at 694.
[40] Doc. 110 at 11.
[41] Doc. 106 at 7.
[42] Doc. 110 at 11.
[43] *See* Doc. 91 at 971-78.

-8-

Case No. 4:11-cr-501
Gwin, J.

that the petitioner was actually and factually innocent. . . ."[44/]

This claim also fails. The timing of when the government discovered the DNA evidence could not have affected the outcome of the trial. Recall, the Court admitted DNA results into evidence. The jury properly considered the DNA evidence and found Taylor guilty of robbery charges anyway.  Again, Taylor has not shown that Defense Attorney Gardner's handling of the DNA evidence prejudiced him.

### 4. *Failure to challenge evidence seized from the warrantless cell phone search*

Taylor next says that Defense Attorney Gardner should have challenged "the validity of the absence of the proper search warrants necessary for the government to have obtained 'data' off the cell phones illegally taken from his clients [sic] vehicle."[45/]

For the reasons discussed above, this claim has no merit, and therefore could not prejudice Taylor.

### 5. *Failure to call favorable witnesses*

Taylor says that Defense Attorney Gardner failed to call "the supporting alibi witnesses favorable and necessary for his defense[.]"[46/] Generally, a counsel's failure to present available exculpatory evidence, absent some tactical rationale, is deficient behavior.[47/] This can include the failure to properly pursue a potential favorable defense witness.[48/]

Here, however, it does not. Taylor does not identify, by either name or description, what

---

[44/] Doc. 110 at 11.
[45/] *Id.*
[46/] *Id.*
[47/] *Caldwell v. Lewis*, 414 F. App'x 809, 816 (6th Cir. 2011) (finding ineffective assistance of counsel where defense attorney failed to call alibi witnesses, and had alluded to their testimony in opening arguments).
[48/] *Towns v. Smith*, 395 F.3d 251, 259 (6th Cir. 2005) (finding ineffective assistance of counsel where defense attorney failed to investigate a "known and potentially important witness" (quoting *Blackburn v. Foltz*, 828 F.2d 117 (6th Cir. 1987)).

Case No. 4:11-cr-501
Gwin, J.

witnesses might have provided favorable testimony. Nor does he describe the nature of the testimony those witnesses might provide. This Court cannot base relief on a perfunctory claim.[49]

### 6. Failure to challenge the admissibility of DNA evidence

Taylor also says that Defense Attorney Gardner should have challenged the "Chain-of-Custody" of certain DNA samples, "because their [sic] were multiple DNA samples of other suspects."[50]

How the failure to raise a chain of custody argument could have prejudiced Taylor remains unclear. At trial, it was the defense, not the prosecution, that introduced DNA evidence. The government did not use the DNA evidence in its case against Taylor at all.[51] And as discussed above, Taylor says the DNA evidence exonerated him. He does not show how the chain of custody impacts this.

Again, Taylor fails to show sufficient prejudice.

### 7. Failure to file pre-trial motions

Finally, Taylor says that Defense Attorney Gardner should have "filed any pre-trial or defensive motions to suppress or challenge any of the governments [sic] case against his client."[52]

This claim also fails. Taylor fails to state with any specificity what grounds Gardner might have raised in opposition to the government's case. Once again, such a perfunctory claim is

---

[49] *United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2006) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quoting *Popovich v. Cuyahoga Cnty. Ct of C.P.*, 276 F.3d 808, 823 (6th Cir. 2002))).

[50] Doc. 110 at 11.

[51] *See* Doc. 88 at 25 (containing Prosecution's opening statement noting that "I'll tell you right up front, there is no DNA pointing to the defendant and no fingerprints pointing to the defendant in this case. That is not the type of evidence we're going to present to you").

[52] Doc. 110 at 11.

Case No. 4:11-cr-501
Gwin, J.

insufficient.[53] Thus, Taylor has failed to demonstrate a reasonable probability that correcting the alleged deficiencies would lead to a different outcome.[54] This failing is detrimental to Taylor's ineffective assistance of counsel claim.[55]

### IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion to vacate his sentence under 28 U.S.C. § 2255. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[56]

IT IS SO ORDERED.


Dated: July 14, 2014                       s/ *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[53] *See* Sandridge, 385 F.3d at 1035-36.

[54] Strickland, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

[55] *Id.* at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

[56] *See* 28 U.S.C. § 2253(c).