UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,          :            Case No. 4:11-CR-501
                                              :
          Plaintiff,                          :
                                              :
vs.                                           :            OPINION & ORDER
                                              :            [Resolving Doc. 123]
ISIAH TAYLOR, III,                       :
                                              :
          Defendant.                         :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

          Defendant Isiah Taylor, III, petitions for habeas corpus relief under 28 U.S.C. § 2255.

He argues that he no longer qualifies as a career offender and was improperly sentenced under

the United States Sentencing Guideline § 4B1.1; 1.2(a).[1] The Supreme Court's recent opinion in

*Beckles v. United States*[2] forecloses his argument.

          Defendant Taylor's argument centers on the relationship between the Guidelines and the

Armed Career Criminals Act.

          On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*,

holding that the residual clause of the Armed Career Criminals Act was unconstitutionally

vague.[3]  If a sentencing court imposed an increased sentence based on felonies that qualified

under the residual clause alone, that sentence violated a criminal defendant's constitutional right

to due process.[4]

---

[1] Doc. 123. The Government opposed. Doc. 122-3. In 2014, Petitioner Taylor filed his first habeas petition. On October 4, 2016, the Sixth Circuit granted Petitioner's 28 U.S.C. § 2244 motion to file a second petition and ordered this Court to hold the case in abeyance pending the outcomes of *Beckles*. Doc. 122.
[2] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[3]      U.S.      , 135 S. Ct. 2551 (2015).
[4] *Id.*

Case No. 4:11-CR-501
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[5]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[6] Therefore, since *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this exact argument. There, Petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness." [7] The Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[8]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Defendant Taylor's § 2255 petition.

IT IS SO ORDERED.


Dated:  March 20, 2017                          *s/          James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[5] *Welch v. United States*,    U.S.    , 136 S. Ct. 1257, 1265 (2016).
[6] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[7] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[8] *Id.*