UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:11-CR-501 |
| Plaintiff, | |
| vs. | OPINION & ORDER |
| | [Resolving Doc. 125] |
| ISIAH TAYLOR, III, | |
| Defendant. | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 7, 2016, Petitioner Isiah Taylor, III, filed a 28 U.S.C. § 2244 motion to file a second habeas petition.[1] In his petition, Taylor argued he no longer qualifies as a career offender and was improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[2] He reasoned that the Supreme Court's opinion in *Johnson v. United States*,[3] which held that the residual clause of the Armed Career Criminals Act was unconstitutionally vague, also applies in Guidelines cases.[4]

On October 4, 2106, the Sixth Circuit granted Petitioner's motion to file a second habeas petition.[5] Because the Supreme Court would soon decide whether *Johnson* applied to the Guidelines,[6] the Sixth Circuit ordered this Court to hold the case in abeyance pending that decision.[7]

---

[1] In 2014, Petitioner Taylor filed his first habeas petition.
[2] Doc. 123. The Government opposed. Doc. 122-3.
[3] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[4] Doc. 123.
[5] Doc. 122.
[6] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[7] Doc. 122.

Case No. 4:11-CR-501
Gwin, J.

On March 6, 2017, the Supreme Court's opinion in [Beckles v. United States](#)[8] held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[9]

Accordingly, on March 20, 2017, this Court denied Taylor's petition.[10]

Taylor now asks this Court to reconsider its decision.[11]

First, Taylor argues that the Court improperly considered Taylor's 2001 robbery conviction as a predicate offense at sentencing.[12] Specifically, Taylor argues that because the Court excluded evidence of his robbery conviction during trial, considering the conviction at sentencing violates *res judicata*, law of the case, and double jeopardy principles.[13]

Taylor misunderstands these doctrines. Excluding evidence of a prior conviction at trial does not bar the Court from considering the conviction for sentencing purposes—the analyses are distinct.

Furthermore, Taylor's second habeas petition did not make this argument. Both his petition and the Sixth Circuit's approval of the petition were limited to a *Johnson* claim. Accordingly, the Court has nothing to reconsider.

Taylor next argues that the Supreme Court's *Beckles* decision does not defeat his *Johnson* argument. He argues that this Court has "its own discretion to interpret *Johnson*"[14] and "the Supreme Court left the door open for *Johnson* to be interpreted in various ways."[15]

---

[8] [No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017)](#).
[9] *Id*.
[10] Doc. [124](#).
[11] Doc. [125](#).
[12] *Id*. at 2-3.
[13] *Id*.
[14] *Id*. at 6. Taylor alleges this Court's denial of his petition was advisory because it is "based solely on *Beckles*" and because he did not get to argue a *Beckles* issue in front of the "Circuit Court." *Id*. at 5-6.
[15] *Id*. at 7. Taylor seems to argue that because the Supreme Court did not address all of the questions presented for certiorari, *Johnson* still applies to his case going forward. *Id*. However, the Supreme Court decided the relevant *Beckles* issue for Taylor's case—whether the Guidelines' Career Offender provision is subject to a void-for-vagueness argument.

Case No. 4:11-CR-501
Gwin, J.

As stated in this Court's denial of Taylor's petition, the Supreme Court squarely rejected the argument that a void-for-vagueness challenge is viable in Guidelines cases.[16] Because Supreme Court precedent is binding on this Court,[17] it has no discretion to apply *Johnson* to Taylor's case.

Last, Taylor suggests that the Sixth Circuit granting of his motion to file a second petition means that the Sixth Circuit made a merits determination in his favor.[18] This argument misunderstands the Sixth Circuit's order, which simply stated that Taylor's "sentence[] may be affected if *Johnson* applies retroactively to [his] case[]."[19] Because the Supreme Court found that Johnson does *not* apply retroactively to Guidelines cases, Taylor's argument fails.

Because Petitioner Taylor presents no viable argument for reconsideration, the Court **DENIES** his motion.

IT IS SO ORDERED.

Dated: April 19, 2017    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[16] Doc. 124.
[17] *Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016) ("Our decisions remain binding precedent until we see fit to reconsider them . . . .").
[18] *Id*. at 6.
[19] Doc. 122 at 2, 7.