```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                                 :
UNITED STATES OF AMERICA,                        :     Case No. 4:11-CR-501
                                                 :     Case No. 4:14-CV-238
            Plaintiff,                           :
                                                 :
vs.                                              :     ORDER
                                                 :
ISIAH TAYLOR, III,                               :
                                                 :
            Defendant.                           :
                                                 :
--------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 20, 2017, this Court denied Petitioner Isiah Taylor, III, 28 U.S.C. § 2244 habeas relief.[1] In his petition, Taylor argued he no longer qualifies as a career offender and was improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[2] The Court denied the petition because of the Supreme Court's decision in *Beckles v. United States*.[3]

On March 31, 2016, Taylor moved this Court to reconsider its decision.[4] Taylor raised three unconvincing arguments.

First, Taylor argued that because the Court excluded evidence of his robbery conviction during trial, considering the robbery conviction for career-offender purposes violated *res judicata*, law of the case, and double jeopardy principles.[5]

The Court denied the argument: excluding evidence of a prior conviction at trial does not stop the Court from considering the conviction for sentencing purposes—different evidence rules apply to the trial and to the sentencing hearing.

---

[1] Doc. 124.
[2] Doc. 123. The Government opposed. Doc. 122-3.
[3] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[4] Doc. 125.
[5] *Id*.

Case No. 4:11CR501
Gwin, J.

Second, Taylor argued that this Court has the discretion to apply *Johnson* over the Supreme Court's *Beckles* decision. *Beckles* deals with Guideline issues while *Johnson* deals with statutory issues. Because Supreme Court precedent is binding on this Court,[6] we rejected the argument.

Third, Taylor argued that the Sixth Circuit granting his motion to file a second habeas petition means the Sixth Circuit made a merits determination in his favor.[7] The Court also denied this argument.

The Court now considered whether a Certificate of Appealability is appropriate here.

"A COA may be issued 'only if the applicant has made a substantial showing of the denial of a constitutional right.'"[8] The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[9]

None of the above arguments warrant a COA. Accordingly, the Court denies a COA in this case.

IT IS SO ORDERED.


Dated: July 14, 2017               *s/        James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[6] *Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016) ("Our decisions remain binding precedent until we see fit to reconsider them . . . .").
[7] *Id.* at 6.
[8] *Hurick v. Woods*, No. 16-1554, 2016 WL 7093988, at *2 (6th Cir. Dec. 5, 2016) (quoting 28 U.S.C. § 2253(c)(2)).
[9] *Id.* (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003)).

-2-