UNITED STATES DISTRICT COURT
NANTHERN DISTRICT OF OHIO
------------------------------------------------------
UNITED STATES OF AMERICA, : CASE NO. 4:11-CR-00501
:
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 142]
ISIAH TAYLOR, III, :
:
    Defendant. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 17, 2012, a federal jury convicted Defendant Isiah Taylor III for crimes based on his involvement in over 20 robberies.[1] On April 11, 2012, the Court sentenced Taylor to 210-months imprisonment and three-years supervised release.[2]

In May 2013, the Sixth Circuit Court of Appeals affirmed the Court's judgment.[3]

In 2014, Defendant Taylor filed an amended § 2255 petition.[4] The Court denied Defendant's petition,[5] and the Sixth Circuit affirmed.[6]

On June 22, 2020, Defendant Taylor, acting *pro se*, moved for a new trial under Federal Rule of Criminal Procedure 33.[7] Taylor also moved for an evidentiary hearing.[8]

---

[1] Doc. 59.
[2] Doc. 68; Doc. 70.
[3] Doc. 95.
[4] Doc. 107.
[5] Doc. 111.
[6] Doc. 117.
[7] Doc. 142 at 1. Specifically, Taylor invoked the "Berry Rule"—a doctrine concerning what a defendant seeking a new trial on grounds of newly discovered evidence must show. *Id.; see Berry v. State*, 10 Ga. 511 (1851). This necessarily implicates Rule 33.
[8] Doc. 142 at 1. Defendant also captions his motion as one for relief from the judgment under Rule of 60(b). *Id.* Defendant presumably refers to Federal Rule of Civil Procedure 60(b). The Civil Rules are inapplicable in this criminal case.

4:11-CR-00501
Gwin, J.

With his motion, Taylor generally argues for relief based on newly discovered evidence and alleged prosecutorial misconduct.[9] With regard the newly discovered evidence argument, Taylor says that he has discovered that one of the arresting officer's proffered reasons for seizing him in 2009—a parole violation—was invalid because Taylor had no parole violation.[10] With regard the prosecutorial misconduct argument, Taylor says the lead case prosecutor threatened that if Taylor took his case to trial, the prosecutor would ensure the "trial would be anything but fair."[11]

Defendant Taylor's motion fails because it is time-barred. Rule 33(b)(1) states that a motion for a new trial based on newly discovered evidence "must be filed within 3 years after the verdict or finding of guilty." The jury returned its guilty verdicts on February 17, 2012.[12] Taylor filed the instant motion for a new trial on June 22, 2020, more than eight years after the guilty verdicts. Taylor missed the deadline for filing a motion for a new trial by more than five years. A district court generally lacks authority to consider an untimely Rule 33 motion.[13]

The three-year time limit set forth in Rule 33(b)(1) may, however, be extended as provided by Federal Rule of Criminal Procedure 45(b).[14] Rule 45(b) states that the court may grant an extension after the time limit expires "if the party failed to act because of excusable neglect."[15]

---

[9] *See generally id.* Taylor's motion raises a host of other reasons why he feels his trial was unfair, but many of these reasons have already been rejected by this Court.
[10] Doc. 142 at 10.
[11] *Id.* at 2.
[12] Doc. No. 59.
[13] *Eberhart v. United States*, 546 U.S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005) (stating that Rule 33 is an inflexible claims processing rule); *United States v. Ristovski*, 312 F.3d 206, 210 (6th Cir. 2002).
[14] *United States. v. Munoz*, 605 F.3d 359, 367 (6th Cir. 2010).
[15] Fed. R. Crim. P. 45(b)(1)(B).

-2-

4:11-CR-00501
Gwin, J.

Defendant Taylor, however, does not argue, and no evidence suggests, that excusable neglect contributed to his failure to make these claims. Taylor provides no justification his motion's untimeliness. Taylor cannot receive a time extension of time for excusable neglect.

Even if Taylor's motion was not time-barred, it fails on the merits. A defendant is entitled to a new trial under Rule 33 based on newly discovered evidence if: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.[16]

Taylor's prosecutorial misconduct allegation fails to meet any of these prerequisites. Because Taylor knew of the prosecutor's alleged statement before trial, he cannot meet even the first prerequisite.

As to Taylor's parole-violation allegation, Taylor's motion fails showing the evidence is material and fails showing the evidence would likely produce an acquittal. . Even accepting Taylor's proffered new evidence as true, Taylor's parole-violation allegation was not material and would not have resulted in an acquittal. Police had other probable cause to arrest Taylor. At the trial, the arresting officer testified that, prior to the arrest, Defendant Taylor had been identified as a suspect in an ongoing robbery investigation, and when a new robbery took place, Defendant and his vehicle were again identified as suspects.[17] Therefore, whether Defendant had an active parole violation was not material to his arrest in 2009 and would not have changed the outcome of his trial.

---

[16] *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).
[17] Doc. 90 at 256-260.

-3-

4:11-CR-00501
Gwin, J.

Likewise, because the evidence regarding his parole violation is "of minor significance," an evidentiary hearing is not warranted.[18]

For the foregoing reasons, the Court **DENIES** Defendant Taylor's motion.

IT IS SO ORDERED.

Dated:  August 21, 2020               *s/     James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[18] *United States v. O'Dell*, 805 F.2d 637, 643 (6th Cir. 1986) (quotation marks and citation omitted).

-4-