UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA,    | : | CASE NO. 4:11-cr-00501       |
| Plaintiff,                   | : | OPINION & ORDER              |
|                              | : | [Resolving Docs. 161, 164]   |
| v.                           | : |                              |
| ISIAH TAYLOR, III,           | : |                              |
| Defendant.                   | : |                              |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Isiah Taylor is currently incarcerated for his involvement in multiple armed robberies. Earlier this year, the Court denied Taylor's compassionate release motion.[1] Now Taylor asks the Court to reconsider its decision.[2]

Because Taylor has not met the high bar for reconsideration, the Court **DENIES** reconsideration.

## I.  LEGAL STANDARD

Courts grant reconsideration under only limited circumstances. The party seeking reconsideration must show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice."[3]

## II.  DISCUSSION

### A.  Compassionate Release

Before a court can grant compassionate release, it must find that there are (1) "extraordinary and compelling reasons" to reduce the defendant's sentence, (2) a sentence

---

[1] Doc. 160.
[2] Docs. 161, 164.
[3] *United States v. Montgomery*, No. 1:17-cr-00060, 2022 WL 896666, at *2 (N.D. Ohio Mar. 28, 2022) (quoting *United States v. Ingram*, CR 5:15-78-KKC, 2021 WL 2549310, at *1 (E.D. Ky. June 22, 2021)).

Case No. 4:11-cr-00501
GWIN, J.

reduction would be consistent with applicable policy statements from the U.S. Sentencing Commission, and (3) weighing the 18 U.S.C. § 3553(a) sentencing factors supports the sentence reduction.[4]

When the Court earlier denied Defendant Taylor's compassionate release motion, there was no policy statement "applicable" to defendant-filed motions, so the compassionate release test essentially consisted of factors (1) and (3).[5] That is because U.S.S.G. § 1B1.13 specifically referred only to motions filed by the Bureau of Prisons, not motions filed by defendants.[6]

However, on November 1, 2023, the United States Sentencing Commission amended § 1B1.13 to cover compassionate release motions filed by defendants. This amendment is an intervening change in law. This change, though, does not change the Court's determination regarding its prior order denying compassionate release.

Since Taylor also does not argue that the Court committed an error of law when denying his compassionate release motion, the Court assesses only whether Taylor has provided newly discovered evidence or demonstrated that denying compassionate release would be a manifest injustice.

**Extraordinary and Compelling Reasons.** In Taylor's original compassionate release motion, Taylor argued that there was no adequate caregiver for some of his minor children.[7]

---

[4] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (citations omitted).
[5] *Id.* at 1108.
[6] *Id.* at 1109–10.
[7] Doc. 157 at 3–4.

- 2 -

Case No. 4:11-cr-00501
GWIN, J.

The Court had recognized that this could be an extraordinary and compelling reason for early release. However, the Court denied Taylor's motion because Taylor provided no evidence about his minor children's circumstances.[8]

In moving for reconsideration, Taylor asked the court to appoint counsel to help him collect evidence about his minor children's circumstances.[9] The Court appointed counsel.[10]

Even with help from counsel, Taylor has not provided new, helpful evidence.[11] And without evidence, Taylor cannot show the Court's earlier compassionate release decision created a manifest injustice. Therefore, the Court does not reconsider its prior extraordinary and compelling reasons analysis.

**Sentencing Factors.** Defendant Taylor takes issue with the personal history analysis the Court gave when it denied compassionate release. In that earlier analysis, the Court determined that Taylor was unrepentant and had made minimal efforts towards reform while incarcerated.[12] Taylor now explains his lack of reform efforts by identifying prison restrictions on prison class availability, and Taylor insists that he regrets his crimes.[13]

Neither the class restrictions nor Taylor's purported regret are new evidence. Both could have been raised in Taylor's original compassionate release motion.

Even if the Court were to consider Taylor's two arguments, those arguments would still not change the weighing of the sentencing factors. Taylor's crimes were serious and violent.[14] Even against the backdrop of the violent nature of Taylor's crimes, the Court

---

[8] Doc. 160 at 5.
[9] Docs. 163, 164.
[10] Non-Doc. Order (June 8, 2023).
[11] Doc. 167.
[12] Doc. 160 at 3–4.
[13] Doc. 161 at 1–2.
[14] Doc. 160 at 2–3.

- 3 -

Case No. 4:11-cr-00501
GWIN, J.

nonetheless gave Taylor a 65% downward variance from the guidelines range.[15] Those considerations outweigh Taylor's reconsideration arguments, so it was not a manifest injustice for the Court to find that the sentencing factors weighed against early release.

\* \* \*

For the reasons above, the Court finds that Taylor has not met the high bar for reconsideration of his compassionate release motion.

### B. Other Requests for Relief

Defendant Taylor makes two additional requests unrelated to compassionate release.

First, Taylor suggests that he is innocent of the crimes he was convicted of.[16] Compassionate release is not the proper avenue to raise an actual innocence claim.[17] If Taylor wishes to argue that he is innocent, he must file a habeas motion. Therefore, the Court does not consider Taylor's actual innocence argument.

Second, Taylor asks the Court to move him to a different facility that is better equipped to provide mental health care.[18] It is not clear that the Court has the authority to do so. But even if the Court had the authority, Taylor has no documented mental health issues that would justify a transfer.[19] And compassionate release is not the appropriate mechanism for making this request.[20] So, the Court denies Taylor's second request.

### III. CONCLUSION

The Court **DENIES** Taylor's request for reconsideration. If Taylor believes that denying compassionate release is a mistake, he should file an appeal with the Sixth Circuit.

---

[15] Doc. 160 at 3.
[16] Doc. 161 at 2.
[17] *United States v. Proge*, No. 2:12-cr-20052-06, 2021 WL 3857440, at *2 (E.D. Mich. Aug. 30, 2021) (citation omitted).
[18] Doc. 161 at 3–4.
[19] Doc. 160 at 4.
[20] *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing courts to reduce the length of sentence, not to alter the conditions of imprisonment).

Case No. 4:11-cr-00501
GWIN, J.

    IT IS SO ORDERED.

Dated: December 4, 2023          *s/    James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE