UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 4:11-cr-00501 |
| Plaintiff, : | ORDER |
| : | [Resolving Doc. 169] |
| v. : |  |
| ISIAH TAYLOR, III : |  |
| Defendant. : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Isiah Taylor moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821.[1]

Amendment 821 changes the assignment of "status points" for criminal history calculations. For defendants with seven or more criminal history points, Amendment 821 reduces those defendants' status points to one point.[2] For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[3]

Although Amendment 821 applies retroactively, a district court may not modify a defendant's sentence based on a retroactive amendment unless the defendant is eligible under U.S. Sentencing Guidelines § 1B1.10.[4] And under § 1B1.10(a)(2)(B), a defendant is not eligible if applying the retroactive amendment does not lower the defendant's guideline range.[5]

---

[1] Doc. 169. The public defender filed a notice of no intent to supplement Defendant Taylor's motion. Doc. 170. The government opposed. Doc. 171.
[2] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[3] *Id.*
[4] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[5] U.S. Sent'g Guidelines Manual § 1B1.10(a)(2)(B) (U.S. Sent'g Comm'n 2023)..

Case No. 4:11-cr-00501
GWIN, J.

In this case, the Court found Defendant Taylor to have seven subtotal criminal history points; Taylor was on parole at the time of the instant offense, so he also received two status points, giving him a criminal history score of nine and a Criminal History Category (CHC) of IV.[6]  The Court also found to be a career offender under Sentencing Guideline § 4B1.1, which gave him a final CHC of VI.[7]

Applying Amendment 821, Taylor's criminal history points are reduced to eight.  But this does not change his CHC[8] and therefore does not change Taylor's guideline range.  Further, even with Amendment 821, Taylor remains a career offender and thus has a CHC of VI.[9]

For this reason, Defendant Taylor is not eligible for a sentence reduction under Amendment 821 and § 3582(c)(2).  The Court **DENIES** the sentence reduction motion.

IT IS SO ORDERED.

Dated: April 30, 2024          *s/     James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[6] Doc. 87, PageID #: 449.
[7] *Id.*
[8] *See* U.S. Sent'g Guidelines § 5A (U.S. Sent'g Comm'n 2012) (Sentencing Table).
[9] *See United States v. Wilson*, 1:19-cr-443-2. 2024 WL 837125, at *2 (N.D. Ohio Feb. 28, 2024).